Submitted June 16, 2011, reversed and remanded May 9, 2012

US MARKET #180, LLC,
dba US Market #180,
*Petitioner,*

*v.*

OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

Oregon Liquor Control Commission
OLCC08V043, OLCC08L007, OLCC08V043A,
OLCC08L007A, OLCC08V043B, OLCC08L007B;
A144311

278 P3d 116

Terence S. McLaughlin filed the briefs for petitioner.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Petitioner US Market #180, LLC,[1] seeks review of a final order of the Oregon Liquor Control Commission (OLCC) that suspended licensee's license to sell alcoholic beverages. Specifically, licensee challenges the OLCC's conclusion that, when one of licensee's employees sold beer to a minor without successfully verifying the minor's age using age-verification equipment, licensee violated OAR 845-005-0355(5) by failing to comply with a restriction on its license. Reviewing the order for legal error, ORS 183.482(8)(a), we agree with petitioner that the OLCC reached that conclusion under an erroneous understanding of the license restriction, and, accordingly, we reverse and remand.

We take the pertinent facts, which are undisputed, from the OLCC's final order and the record supporting the order. Licensee owns US Market #180—a convenience store in Albany—and a number of other small markets for which licensee holds licenses to sell alcohol. As a result of numerous violations for selling alcoholic beverages to minors at some of those other stores, the OLCC placed the following restriction, among others, on the license for US Market #180:

> "Licensee has age verification equipment, as defined in OAR 845-009-0140(1)(b)[,] installed at all of its locations and will install age verification equipment at any new locations at the time of licensure. *Licensee will require that all individual employees or licensees use age verification equipment to verify* the age of any patron who reasonably appears under the age of 26 who attempts to purchase alcoholic beverages."

(Emphasis added.) Roughly a month after the license restriction went into effect, the OLCC and the Albany Police Department conducted a minor decoy operation at US Market #180 to test whether Westling, the store clerk working at the time, would sell alcohol to deRueda, who was 19 years old.

After grabbing a six-pack of beer from a cooler, deRueda approached the counter to purchase it and gave

---

[1] Consistently with the designation of the parties in the contested case proceeding, we refer to petitioner US Market #180, LLC, and its members, individually and collectively, as "licensee" throughout this opinion.

Westling his driver's license. In accordance with the store's policies requiring that she check the age of anyone attempting to purchase alcohol who appeared to be less than 30 years old, Westling took the driver's license and used the age-verification machine to scan it. The screen of the machine displayed that deRueda was only 19 years old—information that Westling did not notice—and, for some reason, that an alcohol sale to deRueda was "approved." Despite the indications from the machine and on deRueda's license that he was less than 21 years old, Westling, relying on the "approved" designation, sold him the beer. Shortly thereafter, an Albany Police Officer issued a citation to Westling for selling alcohol to a minor. Because Westling had used the age-verification machine and relied on the machine's erroneous "approved" designation, licensee decided to suspend rather than fire her, which, under licensee's policy, was the default consequence for her failure to verify deRueda's age.

As a result of the incident, the OLCC proposed cancelling the license for US Market #180 based on licensee's violation of two agency rules: (1) a violation of OAR 845-005-0355(5) because licensee had not complied with the license restriction when Westling failed to verify deRueda's age with the age-verification equipment and (2) a violation of OAR 845-006-0335(1) because Westling had failed to verify deRueda's age—independently of the license restriction—before allowing him to buy the beer.[2]

---

[2] OAR 845-005-0355(5) provides:

"A licensee or permittee who has a restricted license or permit must exercise license or permit privileges only in compliance with the restriction(s). Failure to comply with the restriction(s) is a Category I violation."

OAR 845-006-0335(1) provides:

"Age Verification:

"(a) ORS 471.130 requires a licensee or permittee to verify the age of a person who wants to buy or be served alcoholic beverages when there is 'any reasonable doubt' that the person is at least 21 years old. * * * 'Reasonable doubt' exists if the person appears to be under the age of 26;

"(b) Whenever a licensee or permittee verifies age, he/she must verify it as ORS 471.130 requires (statement of age card or the specified items of identification) and must reject any obviously altered document or one which obviously does not identify the person offering it;

"(c) Licensees must require all their employees who sell, serve, oversee or control the sale or service of alcoholic beverages to verify age as subsection (a) of this section requires."

The critical issue throughout the ensuing contested case proceeding and the determinative issue on judicial review is whether the license restriction, by its terms, imposes on licensee an obligation to require: (1) under licensee's proffered interpretation of the restriction, that licensee's employees use age-verification equipment during particular alcohol sales or (2) under the OLCC's proffered interpretation, that licensee's employees use age-verification equipment and, in doing so, successfully verify that the person attempting to purchase alcohol is old enough to do so.[3] An administrative law judge (ALJ) agreed in her proposed order with licensee's interpretation of the restriction and concluded that the OLCC had not met its burden of proving that licensee had not complied with it. Conversely, the OLCC agreed in its final order with the agency's interpretation of the restriction and concluded, in light of the conflicting results from the scan—*viz.*, the "approved" designation and the indication that deRueda was 19 years old—and the fact that the discrepancy did not cause Westling to rerun the driver's license, that Westling had not verified deRueda's age, and, hence, licensee had not complied with the restriction and, thereby, violated OAR 845-005-0355(5).

Licensee seeks judicial review, reprising its argument that the restriction merely imposed an obligation on licensee to require that its employees use the age-verification equipment. In response, the OLCC maintains that it properly construed the restriction. As explained below, licensee has the better of the argument.

In ascertaining the purpose of the license restriction, and thereby determining the proper interpretation of it, a brief discussion of the pertinent OLCC administrative rules

---

[3] Licensee did not challenge the OLCC's conclusion that—because Westling, licensee's employee, sold alcohol to deRueda without verifying his age and, under OAR 845-006-0362, which is set out at 249 Or App at 670 n 5, Westling's failure to verify may be imputed to licensee—licensee violated the overarching age-verification requirement under OAR 845-006-0335(1)(a).

We note that, although the OLCC's final order states that licensee violated OAR 845-006-0335(1)(a), (b), and (c), the facts of this case and the agency's reference to OAR 845-006-0362 in the order show that the OLCC specifically determined that licensee violated OAR 845-006-0335(1)(a).

regarding age verification for alcohol sales provides important context. The OLCC adopted OAR 845-006-0335(1) to create a generally applicable age-verification requirement for its licensees as part of the agency's efforts to prevent the sale of alcoholic beverages to people who are less than 21 years old. To accomplish that goal, the rule has three subsections that impose separate, but related, requirements. The first, OAR 845-006-0335(1)(a), reinforces a licensee's statutory age-verification obligation under ORS 471.130[4] and explains that "reasonable doubt" under that statute—which triggers the obligation to verify a person's age for an alcohol sale—"exists if the person appears to be under the age of 26." Importantly, even though OAR 845-006-0335(1)(a) only addresses a licensee's obligation, a licensee may also violate the rule if the licensee's employee fails to verify a person's age when the obligation to do so is triggered, because, under OAR 845-006-0362,[5] responsibility for the employee's failure may be imputed to the licensee.[6] The second subsection, OAR 845-006-0335(1)(b), addresses the procedure that must be followed to comply with subsection (a). Finally, the third subsection, OAR 845-006-0335(1)(c), encompasses a free-standing requirement that

> "[l]icensees *must require* all their employees who sell, serve, oversee or control the sale or service of alcoholic beverages *to verify* age as subsection (a) of this section requires."

(Emphasis added.)

---

[4] ORS 471.130 provides, as relevant:

"(1) All licensees and permittees of the [OLCC], before selling or serving alcoholic liquor to any person about whom there is any reasonable doubt of the person's having reached 21 years of age, shall require such person to produce one of the following pieces of identification[.]"

[5] OAR 845-006-0362 provides:

"Each licensee may be held responsible for violation of any liquor control law or administrative rule or regulation of the [OLCC] affecting his [or her] license privileges and for any act or omission of his [or her] servant, agent, employee, or representative in violation of any law, municipal ordinance, administrative rule, or regulation affecting his [or her] license privileges."

[6] As mentioned above, this case presents an example of the interaction between OAR 845-006-0335(1)(a) and OAR 845-006-0362. In its final order, the OLCC concluded that Westling's failure to verify deRueda's age violated OAR 845-006-0335(1)(a) and, "[b]ased on OAR 845-006-0362, [l]icensee is responsible for this violation by its employee."

By its terms, particularly its concluding reference to subsection (a), the objective of subsection (c) is to create an additional layer of administrative regulation of licensees to supplement the general, independent age-verification requirement under subsection (a) by compelling licensees to clearly instruct their employees to comply with the age-verification requirement. Accordingly, if the OLCC were to bring an enforcement action against a licensee for a violation of subsection (c) and not subsection (a), then the agency would not need to prove that the licensee or its employee had failed to verify the age of a person attempting to purchase alcohol who appeared to be less than 26 years old. Rather, the OLCC would need to establish only that the licensee had failed to require its employees to comply with subsection (a) before completing an alcohol sale, regardless of whether the employees did, in fact, comply with subsection (a).

If a licensee violates OAR 845-006-0335(1), then the OLCC has authority under OAR 845-005-0355(1)(b) to impose a specific restriction on the licensee's license in an effort to prevent a recurrence of the conduct that led to the violation.[7] Importantly, OAR 845-005-0355 does not expressly limit the OLCC's discretion as to the content of the restriction; in other words, the OLCC enjoys wide latitude in deciding what restriction to place on the license and how to phrase the restriction.

With those principles in mind, we turn to the wording of the license restriction chosen by the OLCC in this case. Again, the pertinent part of the restriction, which was imposed as a result of earlier violations of the general age-verification requirement in OAR 845-006-0335(1) at licensee's other stores, states: "Licensee *will require* that all individual employees or licensees *use* age verification equipment to verify the age of any patron who reasonably appears under the age of 26 who attempts to purchase alcoholic beverages." (Emphasis added.) The purpose of the restriction, in light of the previous violations that spawned it, is to create an additional layer of administrative regulation to supplement

---

[7] The OLCC can also impose a license restriction when the agency could "cancel, suspend/fine or deny the license," OAR 845-005-0355(1)(a), and when a restriction would be in the public interest, OAR 845-005-0355(1)(c).

the general age-verification requirement, which continues to operate independently of the restriction, by compelling licensee to ensure that its employees use age-verification equipment. To accomplish that objective, the OLCC chose the emphasized phrasing, which is akin to the phrasing used to create the supplemental requirement in OAR 845-006-0335(1)(c). Similarly to that rule, the restriction *specifically refers* to *licensee's* obligation *vis-à-vis* its employees—*viz.*, that licensee ensure that the employees use age-verification equipment—and both the rule and the restriction conclude with references to the requirement that they supplement, *viz.*, the general age-verification requirement.[8]

Moreover, the OLCC's decision to choose a license restriction involving age-verification equipment as a means to prevent future violations of OAR 845-006-0335(1)(a) by licensee is not a surprising one. OAR 845-009-0140 (2008)[9] provided, as relevant:

"(2) For the first or second violation of [OAR] 845-006-0335(1) in a two-year period, the licensee may choose to purchase age verification equipment in lieu of the standard first level * * * sanction * * *.

"* * * * *

"(6) The licensee *must use* the equipment at every point of sale used to sell alcoholic beverages."

(Emphasis added.) Put differently, in order to avoid the sanction that would otherwise result from a violation of OAR 845-006-0335(1)(a), the offending licensee could purchase and use age-verification equipment. The use requirement under OAR 845-009-0140(6) (2008) encompassed both individual licensees and, through OAR 845-006-0362, the licensee's employees. Accordingly, a licensee that decided to comply with OAR 845-009-0140(6) (2008) and hopes to maintain that compliance will likely require that its individual licensees and

---

[8] In that regard, OAR 845-006-0335(1)(c) concludes with the phrase "to verify age as subsection (a) of this section requires" and the restriction concludes with the phrase "to verify the age of any patron who reasonably appears under the age of 26 who attempts to purchase alcoholic beverages."

[9] OAR 845-009-0140 was amended effective November 1, 2011. Because the OLCC imposed the license restriction in this case in March 2008, we apply the version of the rule in effect at that time—the 2008 version.

employees use the age-verification equipment when making an alcohol sale. The terms of the license restriction in this case reach the same result.

Therefore, contrary to the OLCC's argument, we conclude that the license restriction, by its terms, imposes an obligation on licensee only to require that licensee's employees use age-verification equipment when the employee, during a sale of alcoholic beverages, is fulfilling his or her *freestanding* age-verification obligation under OAR 845-006-0335(1)(a).[10] Accordingly, the OLCC reached its conclusion that licensee had violated OAR 845-005-0355(5) based on an erroneous understanding of the license restriction.

Reversed and remanded.

---

[10] Conversely, if the OLCC had chosen to impose a license restriction such as "licensee will utilize age verification equipment to verify the age of every person who reasonably appears to be under the age of 26 and who attempts to purchase alcohol," then the understanding of licensee's obligations advanced by the OLCC would be correct.